IN THE UNITED STATES COURT OF FEDERAL CLAIMS
BID PROTEST

**TECHNICAL INNOVATION, INC.,**

      **Plaintiff,**

v.

**THE UNITED STATES,**

      **Defendant.**

**CIVIL ACTION NO. 09-784 C**

**OBJECTION BY INTERVENOR MILLENNIUM SYSTEMS SERVICES, INC. TO THE UNITED STATES' NOTICE OF CORRECTIVE ACTION AND MOTION TO DISMISS**

**COMES NOW** Millennium Systems Services, Inc. ("MSSI"), the Intervenor, filing its Objection to the United States' ("U.S.") Notice of Corrective Action and Motion to Dismiss (Doc. 20). Although the United States Air Force ("AF") has purportedly decided to take corrective action by conducting a new solicitation, the U.S. has failed to provide any information regarding the content of the corrective action, making it impossible for the Court to determine if the corrective action moots the issues raised in the lawsuit or is otherwise in compliance with applicable law. As a result, this Court should deny the Motion to Dismiss, or in the alternative, delay its ruling on the Motion to Dismiss and require that the U.S. make available more details regarding the corrective action.

**FACTUAL BACKGROUND**

This matter concerns a bid protest action involving the AF's award of an IDIQ contract to MSSI, pursuant to Solicitation Number FA3300-09-R-0032, Classroom of the Future (the "Solicitation") to provide interactive whiteboard technology and video teleconferencing ("VTC") systems, which will enable educator training delivery at the Spaatz Center at Maxwell Air Force Base, Alabama. Plaintiff Technical Innovation, LLC ("TI"), the unsuccessful bidder on the Solicitation, submitted an agency level protest to the AF on October 8, 2009. (See Complaint, Exhibit 4 attached thereto). The Agency issued its decision on November 4, 2009, denying the protest. (See Complaint, Exhibit 5 attached thereto).

TI then commenced this action on Friday, November 13, 2009, requesting this Court to declare that

the award to MSSI was "unlawful, arbitrary, [and] capricious," enter preliminary and permanent injunctions affecting MSSI's rights, and enter an Order awarding the Solicitation to Plaintiff TI (See Complaint at pp. 7-8). TI asserted that "[t]he technology offered by MSSI did not comply with the Solicitation's minimum technical requirements, was not compatible with the existing infrastructure at the Spaatz Center and clearly did not meet the requirements as explained by the AF." (Id. at p. 5). On November 16, 2009, the Court held a telephonic conference, and the AF deferred performance of the contract with the exception of MSSI's demonstration of its product on November 17, 2009. Subsequently, the AF issued a stop-work order, and MSSI ceased performance. MSSI has requested payment from the contracting officer on multiple occasions, but MSSI has yet to receive any payments under the contract.

The Court held another telephonic conference on November 19, 2009, where the AF informed the Court that the AF would take corrective action. On November 18, 2009, MSSI filed its Motion to Intervene with the Court[1] (Doc. 11). On November 19, 2009, the Court entered an Order staying the case indefinitely (Doc. 10). On December 22, 2009, the U.S. filed a Status Report and Request for Continuance of the Stay (Doc. 14), MSSI filed an Objection (Doc. 15), and the Court entered an Order continuing the stay (Doc. 16). On January 21, 2010, the U.S. filed another Status Report and Request for Continuance of the Stay (Doc. 17), MSSI filed an Objection (Doc. 18), and the Court further continued the stay until February 8, 2010 (Doc. 19). On February 5, 2010, the U.S. filed a Notice of Corrective Action and Motion to Dismiss (Doc. 20), asserting that the Court should dismiss the action due to lack of subject matter jurisdiction because of AF's decision to take corrective action, making TI's protest moot.

---

[1] Counsel for MSSI sent its Motion to Intervene via overnight delivery to the Court on November 18, 2009, since counsel was not admitted to the Court of Federal Claims at that time. Once counsel was admitted, MSSI electronically filed its Motion to Intervene on December 11, 2009.

## **ARGUMENT**

The status of this action today is no different than it was when the Court held a telephonic conference on November 19, 2009. On November 19, the Court and all of the parties were made aware that the AF would take corrective action. Likewise, the Notice of Corrective Action and Motion to Dismiss currently before this Court only restates—in writing—the AF's decision to take corrective action. Absent from the Notice and Motion is any meaningful discussion as to what the corrective action will be. The AF's decision to take corrective action is no surprise at this point, but the *content* of such corrective action, which has been concealed, could have a debilitating effect on the contract awardee, MSSI. Accordingly, MSSI cannot acquiesce to a corrective action that it has no knowledge of. Because this Court has the jurisdiction to determine whether the AF's corrective action is reasonable, the Court can deny the U.S.'s Motion to Dismiss, or in the alternative, delay its ruling on the Motion and require that the U.S. make available more details regarding the corrective action in order to allow it to determine the validity of the corrective action.

### **THE U.S. HAS FAILED TO SUFFICIENTLY DESCRIBE THE CORRECTIVE ACTION**

The U.S. has requested the Court to dismiss this action based on a speculative corrective action lacking any substance. The U.S. simply states that the AF "has decided to conduct a new procurement for the services that are the subject to this protest." (See Defendant's Notice of Corrective Action and Motion to Dismiss at p. 4, Doc. 20). Further, the contracting officer, Sandra K. Turner, states in her affidavit that the AF "contemplates issuing a new solicitation, completing a new evaluation, and making a new award within a reasonable time from the date of this declaration." (See Declaration of Sandra K. Turner, Doc. 20-1). Absent from these conclusory statements are any details regarding what the corrective action will ultimately consist of, therefore precluding the Court from making a determination regarding the rationality of the corrective action. Simply stated, the evidence before the Court is that the AF "contemplates issuing a new solicitation." This is a far cry from actually issuing one.

This Court has jurisdiction to evaluate the corrective action. Caselaw provides that the "Court of

3

Federal Claims possesses jurisdiction to determine if a corrective action taken by an agency in response to a bid protest was reasonable under the circumstances." Centech Group, Inc. v. United States, 79 Fed. Cl. 562, 574 (2007) (citing Chapman Law Firm v. United States, 490 F.3d 934 (Fed. Cir. 2007)). One can prove an erroneous corrective action by showing "that the agency corrective action constituted a clear violation of applicable statutes or regulations," and by showing prejudice resulting from the proposed corrective action. Id. (citing Honeywell Inc. v. United States, 870 F.2d 644 (Fed. Cir. 1989); Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324 (Fed. Cir. 2001); Banknote Corp. of Am. v. United States, 365 F.3d 1345 (Fed. Cir. 2004); Bannum, Inc. v. United States, 404 F.3d 1346 (Fed. Cir. 2005)). However, in this case, neither the Court, nor MSSI can address the reasonableness or prejudice aspect of the corrective action because the U.S. has not provided the necessary details of the AF's corrective action.

In Chapman Law Firm v. Greenleaf Construction Co., Inc., 490 F.3d 934 (Fed. Cir. 2007), the Court of Federal Claims addressed an analogous scenario. The United States filed a motion to dismiss the protest action pursuant to Federal Rule of Civil Procedure 12(b)(6), based on the United States Department of Housing and Urban Development's ("HUD") decision to implement voluntary corrective action. Id. at 937. The court "declined to rule on the United States' motion to dismiss until it received further information regarding the specifics of the proposed corrective action." Id. After the United States filed the requested supplemental information further providing the details of HUD's corrective action, the court denied the motion to dismiss, "finding that the proposed corrective action lacked a rational basis and was contrary to law." Id.

The Federal Circuit, hearing the appeal of the plaintiff protester and the United States, held that "the Court of Federal Claims' inquiry into the reasonableness of the Government's first proposed corrective action, and the court's subsequent determination that the proposed corrective action was not reasonable, were proper." Id. at 938. The Federal Circuit rejected the United States' argument that the corrective action "placed the parties in the same positions they occupied prior to the events giving rise to the protest and rendered all of [the plaintiff's] and [the intervenor's] legally cognizable claims either moot

or premature." Id.  Regarding the mootness issue, the court held that all of *the intervenor's claims were not moot or premature since the corrective action "effectively left out [the intervenor]*." Id. (emphasis added).

Likewise, the AF's proposed corrective action in this case could easily be prejudicial to MSSI, but MSSI is unable to determine the effects of the corrective action due to the lack of information.  The contracting officer's statement that the AF "intends to issue a new solicitation and re-procure these services" gives no indication as to which businesses will be allowed to compete for the contract or whether MSSI will even be included.  It is plausible that certain businesses, and possibly MSSI, will be excluded due to the preliminary specifications or requirements.  Similarly, the Court of Federal Claims in Greenleaf Construction held that the corrective action's exclusion of the intervenor from the small business tier was erroneous, and the Federal Circuit agreed.  Id. at 937-38.  An identical issue could in fact be present in the AF's corrective action in this case, but this Court is unable to make such a determination in light of the AF's simple promise that it will take corrective action.  MSSI does not request that this Court determine an issue not currently before it, but only to require that the U.S. submit a sufficient amount of information regarding the AF's corrective action.  More details of the AF's corrective action will enable the Court to determine whether the corrective action "lack[s] a rational basis and [is] contrary to law."  Greenleaf Construction, 490 F.3d at 937.  Until the U.S. comes forth with more information, it is reasonable for the Court to deny the U.S.'s Motion to Dismiss.  Id.

## CONCLUSION

Based on the foregoing, the Court should deny the U.S.'s Motion to Dismiss, or in the alternative, delay its ruling on the Motion to Dismiss until the U.S. provides the necessary details of the AF's upcoming corrective action.  Therefore, the Court would have an opportunity to assess whether the corrective action—when such details are made available—will exclude MSSI and be contrary to law.

Respectfully submitted on the 19th day of February, 2010.

        /s/ Stephen D. Davis II
        *One of the Attorneys for MSSI*

Walter A. Dodgen
J. Andrew Watson, III
Stephen D. Davis II
MAYNARD COOPER & GALE, P.C.
655 Gallatin Street
Huntsville, Alabama 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
tdodgen@maynardcooper.com
awatson@maynardcooper.com
sdavis@maynardcooper.com

**CERTIFICATE OF SERVICE**

  I do hereby certify that a true and correct copy of the foregoing has been furnished by Electronic Mail via the CM/ECF Filing System this 19th day of February, 2010, to:

Donald James Walsh
Offit, Kurman, P.A.
8 Park Center Court
Suite 200
Owings Mills, MD 21117
dwalsh@offitkurman.com

Russell James Upton
U.S. Department of Justice-Civil Division
1100 L Street, NW
Washington, DC 20005
russell.j.upton@usdoj.gov

        /s/ Stephen D. Davis II
        *Of Counsel*